NO. 17-5701

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA                                            PLAINTIFF/APPELLEE

VS.

GEORGE KUDMANI                                                      DEFENDANT/APPELLANT

APPELLANT'S MOTION FOR BOND ON APPEAL

Comes the Appellant, George Kudmani, through counsel, and moves this Honorable Court to grant him release on bond pending the resolution of his appeal. In support of this motion, Dr. Kudmani states the following:

Judgment was entered against Dr. Kudmani, following a jury trial, in the United States District Court for the Western District of Kentucky at Louisville on June 7, 2017. Dr. Kudmani has filed his notice of appeal of this matter in the Sixth Circuit Court of Appeals. Dr. Kudmani now asks for release on bond while this appeal is pending, for exceptional reasons, pursuant to 18 U.S.C. § 3145(c).

Dr. Kudmani would ordinarily be subject to mandatory detention pending appeal under 18 U.S.C. §3143(b)(2). However, "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). In this case, Dr. Kudmani does meet the conditions of release set forth in § 3143(b)(1) and presents exceptional reasons justifying his release pending the appeal of his conviction.

### Dr. Kudmani meets the Conditions of § 3143(b)(1):

Before determining whether exceptional reasons exist pursuant to 18 U.S.C. §3143(b)(2), it must first be shown that Dr. Kudmani meets the conditions of § 3143(b)(1), which are:

(b) Release or detention pending appeal by the defendant.—

**(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
**(A)** by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

**(B)** that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
   **(i)** reversal,
   **(ii)** an order for a new trial,
   **(iii)** a sentence that does not include a term of imprisonment, or
   **(iv)** a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). In this case, Dr. Kudmani has surrendered his medical and DEA licenses, ensuring that there is no danger that he will further offend while his case is on appeal. There has never been any allegation that Dr. Kudmani distributed drugs in any way other than by writing prescriptions to patients in his medical practice.

There is no risk that Dr. Kudmani will flee while on appeal. Dr. Kudmani's wife is terminally ill. Dr. Kudmani is her constant companion and caregiver. He has, and will, stay by her side. As testified to at sentencing, and as demonstrated in the letters of support from his family, presented to the district court at sentencing, Dr. Kudmani is a family man with strong ties to his family in Louisville. Dr. Kudmani has surrendered his passport. He owns his home in Louisville and has lived here for over forty years. Two of his three children live in Louisville. He is active in his church and has strong friendships in Louisville.

Dr. Kudmani has also abided by all restrictions placed on him by probation since his indictment four years ago. He has appeared at every court date. He was on release after conviction awaiting sentencing, even though the government was seeking a sentence of incarceration, and he did not flee. Dr. Kudmani would certainly agree to continued monitoring by Probation, including restrictions on any significant financial transactions. In the associated civil case in this matter, a restraining order against $300,000 in funds in Dr. Kudmani's bank account has been entered and will remain in place until further order of the court. (*See* Case No. 3:13-cv-01063-CRS, DN 1).

**Substantial question of law raised on appeal:**

This appeal brings to the Sixth Circuit a novel question of law. Dr. Kudmani will argue in his appeal that he was denied a unanimous verdict due to the imperfect and strained application of 21 U.S.C. §841 (Controlled Substances Act) to an at least partially legitimate medical practice. Out of the 100 to 200 patients that Dr. Kudmani treated in his gynecological practice during the indictment period, 19 were included in the Indictment. The jury was presented with patient files pertaining to 19 different patients over a three year time period and asked whether the doctor had, for each of those 19 patients, written prescriptions "without a legitimate medical purpose and outside the course of professional practice." For each listed patient, the jury was asked to determine whether unlawful distribution had occurred during that period – yes or no. They were not asked to agree when the prescriptions crossed the line from legitimate to unlawful, and if so, upon which prescriptions, of the many written during the specified periods, were unlawful. A doctor with a legitimate medical practice can lawfully write prescriptions. The jury must unanimously agree on which act or acts were unlawful in order to obtain a valid conviction. This lack of unanimity on specifying unlawful acts was extremely prejudicial to Dr.

Kudmani. Had the jury been asked to agree on which act or acts were unlawful, Dr. Kudmani may well have been acquitted, or at least tried to a hung jury, as happened in Dr. Kudmani's first trial. The prosecution of a doctor who can lawfully distribute narcotics has important differences from the prosecution of a drug dealer who has no lawful authority to ever distribute any narcotics. The instructions to the jury need to reflect that difference, and perhaps even require a special verdict form.

This lack of clarity from the jury verdict presented difficulties at sentencing as well. The United States sought to calculate the sentence based on every prescription that was written to the patients in the Indictment during the Indictment period. The United States requested that the sentencing guideline range be calculated based on drug quantities that included every prescription written to each of the patients listed in the Indictment during the indictment period. Without a determination by the jury as to what amount of the prescribed medications were distributed illegally, determining a sentence using the Guidelines was essentially guess work. This issue regarding the jury determination of precisely which prescriptions were unlawful is a novel issue being brought to the Sixth Circuit for consideration.

Dr. Kudmani's appeal of his conviction was not filed for purposes of delay and raises a substantial question of law. This case had a very substantial, hotly contested, motion practice before each of the two trials, and many objections during the trials. The jury instructions were also debated at length. Many meritorious avenues of appeal arose during this lengthy prosecution. Dr. Kudmani's appeal is likely to result in a reversal or an order for a new trial, as required by § 3143(b)(1)(B).

**Exceptional Reasons:**

There is no statutory guidance defining "exceptional reasons." However, a review of the relevant case law and legislative history, coupled with Dr. Kudmani's particular circumstances leads to the conclusion that Dr. Kudmani's case presents the "exceptional reasons" contemplated by Congress to justify release pending appeal. The United States District Court for the Eastern District of Kentucky produced an excellent legislative and case law history of the exception contained in § 3145(c).

In its opinion, the EDKY quoted at length a case from the Ninth Circuit that tackled the same question. "Congress added the 'exceptional reasons' provision in 18 U.S.C. § 3145(c) to mitigate the harshness of section 3143(b)(2)'s blanket prohibition on release pending appeal in drug cases and cases involving crimes of violence ... [A letter from the Department of Justice…] included two examples of cases presenting 'exceptional reasons,' which indicate that a variety of unusual cases can satisfy this standard [...] What these cases have in common is that, in both, objective factors make it sufficiently certain that the defendant will not present a danger to the community if released, notwithstanding the presumption that all persons convicted of violent crimes and serious drug crimes are dangerous. ***We used to presume that defendants were entitled to bail pending appeal. The only reason Congress reversed this presumption in 1984 was its concern for the danger many defendants present upon release.*** Congress tightened the requirements in 1990 out of a concern that a clear and convincing showing was not enough to protect society from violent criminals and serious drug offenders. Yet Congress left an exception to its general rule requiring detention in these cases. Whatever its outer bounds, this exception must certainly apply in a case in which there is no danger that the defendants will commit criminal acts while on appeal or will flee. In short, the exception must apply where detention would not serve any rational goal of the mandatory detention law." *United States v. Miller*, 568

F. Supp. 2d 764, 775–76 (E.D. Ky. 2008) (emphasis added) (citing *United States v. Koon*, 6 F.3d 561, 567-68 (9th Cir. 1993)). The Ninth Circuit also suggested, in *Koon*, that examples of exceptional circumstances might include a fatal illness of the defendant's spouse. *See Miller*, 568 F.Supp2d at 776.

It is uncontroverted that Dr. Kudmani's wife is suffering from irreversible dementia and is in rapid decline. Dr. Kudmani has been the primary companion for his wife. At sentencing, Dr. Kudmani's daughter, Sabine, testified to the constant care Dr. Kudmani provides to his wife.

Dr. Kudmani does not present a risk of reoffending, and his wife may very well die while his appeal is pending. The appeal could likely result in a reversal or a new trial, yet release *after* the appeal has been determined could well be after the passing of Dr. Kudmani's wife. Release pending appeal would mitigate the particular harsh possibility of Dr. Kudmani losing his wife while his appeal is pending.

In *United States v. Christman,* the Sixth Circuit held that a defendant subject to mandatory detention pursuant to § 3143(a)(2) may be released if it is "clearly shown" that there are "exceptional reasons" why detention is inappropriate. 596 F.3d 870, 870 (6th Cir. 2010).

**Conclusion**

WHEREFORE, Dr. Kudmani respectfully requests this Court to grant him release pending the appeal of his conviction pursuant to 18 U.S.C. § 3145(c).

    Respectfully submitted,

    /s/ David A. Lambertus
    David A. Lambertus
    600 West Main Street, Suite 300
    Louisville, Kentucky 40202
    (502) 589-6190
    Counsel for Appellant Kudmani

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was electronically filed with the clerk of the court by using the CM/ECF system, which will automatically send a notice of electronic filing to all attorneys of record.

/s/ David A. Lambertus
David A. Lambertus